**FILED**

**November 17, 2016**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 12:18 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **ELIZABETH RENEE JONES,** | )    Docket No.: 2016-03-0566 |
|        Employee, | ) |
| | ) |
| **v.** | ) |
| **BLACK'S MOBILE DETAILING** | )    State File No.: 40660-2016 |
| **SERVICE,** | ) |
|        Employer. | )    **Judge Lisa Lowe Knott** |
| | ) |

## EXPEDITED HEARING ORDER
## GRANTING MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on October 25, 2016, upon the Request for Expedited Hearing filed by Elizabeth Jones pursuant to Tennessee Code Annotated section 50-6-239 (2015) seeking medical and temporary disability benefits.

The central legal issues are whether Ms. Jones is an independent contractor or an employee and whether her left foot injury arose primarily out of and in the course and scope of her employment. Related issues, should Ms. Jones prevail on the central legal issues, are whether she is entitled to medical and/or temporary disability benefits. For the reasons set forth below, the Court finds Ms. Jones has come forward with sufficient evidence from which this Court holds that she is likely to prevail at a hearing on the merits that she is an employee rather than an independent contractor and that her injury arose primarily out of and in the course and scope of her employment.[1] The Court further holds that Ms. Jones has come forward with sufficient evidence to establish she is likely to prevail at a hearing on the merits that she is entitled to medical benefits but not temporary disability benefits.

### History of Claim

Ms. Jones worked for Black's Mobile Detailing Service (Black's) from September

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

2015 through May 23, 2016, washing and detailing cars and trucks. Ms. Jones and co-worker Mariah Paz testified that each morning they would enter the garage to obtain their cleaning supplies (chemicals, towels, vacuum, etc.) and bring them outside to start cleaning vehicles. Both Ms. Jones and Ms. Paz testified there were bags of towels, a go-kart, pressure washer, and lots of "stuff" inside the garage that they had to maneuver around to obtain their supplies.

On May 23, 2016, Ms. Jones entered the side door of the garage bay to obtain her cleaning supplies. (Ex. 1.) As Ms. Jones stepped over a "shop vac" and two bags of towels and reached for a bottle of cleaner, she put her left foot down and it snapped. (Ex. 1.) She testified she did not know if she caught her foot on the edge of the bag of towels. Ms. Jones advised Ms. Paz and co-worker Sean Young that she thought she broke her foot. Mr. Young stated in a report that Ms. Jones "stepped over the side of the vacuum, stumbled, and said she hurt her foot." (Ex. 2.) Shawn Black testified he asked Ms. Jones to wait for him to move the stuff in the garage out of the way but "she ran in to get her supplies anyway." He did not dispute that she broke her foot while in the garage.

Mr. Black drove Ms. Jones to North Knoxville Medical Center where she received a diagnosis of an undisplaced metatarsal fracture. (Exs. 1, 3.) Mr. Black testified that Ms. Jones might have been "high on drugs" at the time of the injury but acknowledged that he did not request a drug test at the hospital. Ms. Jones received follow-up treatment with Dr. Chris Testerman, OrthoTennessee, who initially placed Ms. Jones in a cast and then subsequently in a walking boot. (Ex. 4.)

Black's raised the defense that Ms. Jones was an independent contractor and not an employee. With regard to that issue, Ms. Jones stated that although she signed a 1099 Form at Mr. Black's request, Mr. Black controlled every aspect of the job. She testified he told her what to do, how to do it, what times to work, provided the supplies/equipment, and paid her in cash bi-weekly. She also testified Mr. Black had the right to terminate her at any time and she did not have authority to hire any helpers. Ms. Paz corroborated Ms. Jones' testimony that Mr. Black dictated the hours of work, which cars to wash and how to wash them, and confirmed that everything is under his control.

Mr. Black testified he does not employ more than five full-time employees at a time. Therefore, he asserted exemption from the Workers' Compensation Law. Mr. Black further stated that Ms. Jones signed an Independent Contractor Agreement, so he should not have to pay for her injury.

Black's did not have workers' compensation coverage. As a result, the Bureau of Workers' Compensation received an Expedited Request for Investigation. The parties introduced the Bureau's Investigation Report into evidence as Exhibit 2. In that report, the Bureau determined:

2

This employer is subject to the act even though the employer has misclassified his workers as independent contractor[s]. The employer schedules, supervises, and controls the conduct of work, the employer provides the equipment/chemicals/supplies for the workers, the workers do not have the ability to select or hire helpers and employer has the right of termination.

## Findings of Fact and Conclusions of Law

In order to grant the relief Ms. Jones seeks, the Court must apply the following legal principles. Ms. Jones bears the burden of proof on all prima facie elements of her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). She need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7- 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Ms. Jones has the burden to come forward with sufficient evidence from which this Court can determine she is likely to prevail at a hearing on the merits. *Id.*

*Employee versus Independent Contractor*

The Tennessee Workers' Compensation Act requires that:

In a work relationship, in order to determine whether an individual is an "employee," or whether an individual is a "subcontractor" or an "independent contractor," the following factors shall be considered:
*(a)*    The right to control the conduct of the work;
*(b)*    The right of termination;
*(c)*    The method of payment;
*(d)*    The freedom to select and hire helpers;
*(e)*    The furnishing of tools and equipment;
*(f)*    Self-scheduling of working hours; and
*(g)*    The freedom to offer services to other entities.

Tenn. Code Ann. § 50-6-102(12)(D)(i) (2015). Both Ms. Jones and Ms. Paz provided testimony to establish: Mr. Black controlled the conduct of the work; retained the right to terminate them; paid them bi-weekly; provided the tools and equipment; and determined the hours they worked. Although, Ms. Jones and Ms. Paz did not testify about their freedom to offer services to other entities, they did testify they worked long hours with the implication they did not and could not work anywhere else at the same time. In addition, the Bureau's Investigation Report determined that Mr. Black misclassified his

3

workers as independent contractors. Based on the testimony of Ms. Jones and Ms. Paz and the Bureau's report, the Court concludes Ms. Jones was an employee rather than an independent contractor.

*Injury*

The Workers' Compensation Law defines an "injury" as "an injury by accident . . . arising primarily out of and in the course and scope of employment that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14) (2015). Further, an injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Arising out of employment refers to causation. *Reeser v. Yellow Freight Sys., Inc.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). "An injury occurs in the course of employment if 'it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto.'" *Hubble v. Dyer Nursing Home*, 188 S.W.3d 525, 534 (Tenn. 2006) (citing *Blankenship v. Am. Ordnance Sys., LLC*, 164 S.W.3d 350, 354 (Tenn. 2005)).

Here, Mr. Black did not dispute that Ms. Jones injured her foot while in his garage on May 23, 2016. He alleged that she might have been under the influence of drugs at the time of the injury but had no proof to substantiate his allegation. Ms. Jones described in detail how the injury occurred. She stepped over a "shop vac" and bags of towels and her foot snapped. Although Ms. Jones stated she was not sure if her foot caught on one of the bags, her co-worker Sean Young told the Bureau's investigator that she "stepped over the side of the vacuum and stumbled." Ms. Paz confirmed that there were many obstacles to maneuver around in the garage and that Ms. Jones told her she thought she broke her foot. Again, based on the testimony of Ms. Jones and Ms. Paz and the statement of co-worker Sean Young, the Court holds Ms. Jones sustained an accidental injury to her left foot caused by a specific incident arising primarily out of and in the course and scope of her employment.

*Medical Benefits*

Turning to the requested relief, the Court holds that under Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015), Black's must provide Ms. Jones with past and continuing reasonable and necessary medical treatment related to her May 23, 2016 left foot injury. The Court appoints Dr. Testerman as the authorized treating physician. The Court finds treatment with North Knoxville Medical Center and Dr. Testerman appropriate because Black's failed to provide Mr. Jones medical care, thereby requiring

4

her to seek treatment on her own. *See Young v. Young Electric*, No. 2015-06-0860, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (Tenn. Workers' Comp. App. Bd. May 25, 2016).

*Temporary Disability Benefits*

Ms. Jones additionally seeks temporary disability benefits. In *Jones v. Crencor*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015), the Appeals Board, citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978), held: "An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability."

Here, Ms. Jones testified that she has been unable to work since the date of injury. Ms. Jones introduced some of Dr. Testerman's medical records into evidence as Exhibit 4. However, those records do not provide information on whether Dr. Testerman restricted Ms. Jones from working completely and/or assigned temporary restrictions. Therefore, at this time, Ms. Jones has not come forward with sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits on the issue of temporary disability benefits.

*Payment of Benefits*

Although this Court holds Black's must provide Ms. Jones with past and ongoing medical benefits, it is unclear whether payment will be forthcoming, as Black's did not have workers' compensation insurance at the time of the accident. Under Tennessee Code Annotated section 50-6-802(e)(1) (2015), however, the Bureau has discretion to pay limited temporary disability and medical benefits to employees who have established medical causation of their injury and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;
(2) The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;
(3) The employee was a Tennessee resident on the date of the injury; and
(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4) (2015).

The Court adopts the findings contained in the Bureau's Investigation Report,

admitted into evidence without objection as Exhibit 2. Based on the testimony and evidence introduced at the Expedited Hearing, the Court finds:

(1) Black's failed to carry workers' compensation insurance;

(2) Ms. Jones suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015;

(3) Ms. Jones was a Tennessee resident on May 23, 2016, the date of the injury;

(4) Ms. Jones provided notice to the Bureau of the injury and Black's failure to provide workers' compensation within sixty days after the injury occurred; and

(5) Ms. Jones is entitled to past and on-going medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Ms. Jones' injuries, including services already received from North Knoxville Medical Center and Dr. Chris Testerman, shall be paid and Dr. Testerman shall serve as the authorized treating physician. Medical bills are contained in Exhibits 5 and 6 of this order and prescription receipts are contained in Exhibit 7. Any other reasonable, necessary, and related bills shall be furnished to Black's Mobile Detailing Service by Ms. Jones or the medical providers.

2. Ms. Jones is not entitled to temporary disability benefits at this time.

3. Ms. Jones is eligible to receive medical benefits from the Uninsured Employer's Fund pursuant to Tennessee Code Annotated section 50-6-801, *et seq.* The clerk shall forward a copy of this order to the Administrator for consideration of payment.

4. This matter is set for an Initial (Scheduling) Hearing on January 11, 2017, at 10:30 a.m.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED this the 17th day of November, 2016.**

**HON. LISA LOWE KNOTT**
**Workers' Compensation Judge**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with Judge Lisa Lowe Knott, Court of Workers' Compensation Claims. The parties must call 865-594-0091or 855-543-5041 toll free to participate in the Initial Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the

7

purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Technical Record:
- Petition for Benefit Determination, filed June 1, 2016;
- Dispute Certification Notice, filed July 11, 2016;
- Request for Expedited Hearing, filed July 18, 2016; and
- Amended Dispute Certification Notice, filed August 29, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
- EXHIBIT 1: Affidavit of Elizabeth Jones;
- EXHIBIT 2: Expedited Request for Investigation Report by Kimberly Stoner;
- EXHIBIT 3: Medical Records of North Knoxville Medical Center;
- EXHIBIT 4: Medical Records from Dr. Chris Testerman, OrthoTennessee;
- EXHIBIT 5: Medical Expenses of OrthoTennessee;
- EXHIBIT 6: Medical Expenses of Abercrombie Radiology; and
- EXHIBIT 7: Medical Expenses of Walgreens Pharmacy.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 17th day of November, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Elizabeth Renee Jones, Self-Represented Employee | | | X | Elizabeth Renee Jones 2359 Pennsylvania Avenue Maryville, TN 37804 lovemonkeynae1976@gmail.com |
| Shawn Black, Self-Represented Employer | | | X | blackdemont@yahoo.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov